IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE LEE POSLOF, SR., <br><br> Petitioner, <br><br> v. <br><br> STU SHERMAN, Warden, <br><br> Respondent. | Case No. ED CV 15-2526 AG (MRW) <br><br> **ORDER SUMMARILY DISMISSING HABEAS ACTION** |

The Court dismisses Petitioner's defective and successive state habeas action.[1]

\* \* \*

Petitioner, an inmate at the state prison in Corcoran, filed a motion requesting a stay of the time period during which he can file a habeas petition in

---

[1] If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

this Court. He does not have an active case on file in this district. Instead, his filing is apparently an attempt to extend the deadline to file a future habeas petition challenging his state court criminal conviction.

This request is fundamentally flawed in at least two respects, so Petitioner's action must be dismissed.

1. Petitioner has not filed an actual habeas petition with this Court. According to the motion, Petitioner recently sought habeas relief in the state supreme court on undefined grounds.[2] Petitioner's submission is not accompanied by any information regarding his criminal case or the claims of error he wishes to assert on habeas review.

As a result, Petitioner failed to comply with the Rules Governing Section 2254 Cases in the United States District Courts. Rule 2(d) expressly requires that a state prisoner commence a habeas action by using a standard form prepared by the Court. In our district, prisoners must complete Form CV-69. That form provides the Court with basic information about the petitioner, his conviction, the prior status of his case in state and federal court, and, most importantly, the federal constitutional claims he wishes to pursue here.

A state prisoner must begin his case by filing a petition for a writ of habeas corpus. Petitioner's request for an extension to file his federal habeas petition – in the absence of a properly filed petition – is inadequate. If he files an action after the statutory deadline, Petitioner may be entitled to request equitable tolling of the limitations period. However, at this stage, the Court cannot extend the habeas filing period as Petitioner requests.

2. The other flaw with Petitioner's filing is also fatal to his claim – he likely <u>already received federal habeas review</u> for his criminal conviction. The

---

[2] According to the Court's review of the state supreme court's website, that court denied habeas relief based on the untimeliness of Petitioner's submission. (In re Poslof, No. S227947 (Cal. Nov. 10, 2015) (citing In re Robbins, 18 Cal. 4th 770, 780 (1998), and In re Clark, 5 Cal. 4th 750, 767-769 (1993)).)

Court takes notice Petitioner's previous case in this Court. (Poslof v. Yates, No. ED CV 06-1418 AG (SH) (C.D. Cal.).) Based on the Court's review of the previous action, it understands that Petitioner is currently serving a life sentence based on a 2003 conviction and sentence for failing to register as a sex offender. (Docket # 156.) In the previous habeas action, the Court conducted an evidentiary hearing and issued a decision denying habeas relief on Petitioner's stated claims. The Ninth Circuit Court of Appeals affirmed this Court's ruling in a reasoned decision. (Docket # 221.)

Under federal law, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

To the extent that Petitioner's current motion relates to habeas claims involving his 2003 conviction (which is highly likely given his extended period of incarceration), his submission is not accompanied by a certificate from the Court of Appeals authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b). On this basis, the current petition is subject to summary dismissal.[3] See 28 U.S.C. § 2244(b); Burton, 549 U.S. 147; McNabb, 576 F.3d at 1029.

\* \* \*

---

[3] The Court declines to transfer the action to the Ninth Circuit, as there is no basis to conclude that Petitioner "mistakenly submitted" this motion to the district court instead of the appellate court. Ninth Circuit Rule 22-3(a).

The action should be summarily dismissed without service on the California Attorney General: (a) for Petitioner's failure to file a petition to commence the case; and (b) as successive under 28 U.S.C. § 2244. The petition is therefore DISMISSED.

IT IS SO ORDERED.

Dated: December 31, 2015      _____
                              HON. ANDREW J. GUILFORD
                              UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE